# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:11 CR 22-3

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| RICKY DEAN FISHER. ) | |
| ) | |

**THIS MATTER** came on to be heard and was heard before the undersigned pursuant to a motion filed by counsel for defendant entitled "Motion for Status of Counsel Review Conference" (#252). In the motion, counsel for defendant advised that defendant wished to raise the issue of ineffective assistance of counsel. Defendant had forwarded to the undersigned letters that were received on May 16, 2012 (#253) and May 22, 2012 (#254). The undersigned sealed those letters, however, in the letters defendant requests that counsel be substituted for the defendant's attorney. At the call of this matter on for hearing it appeared that the defendant and his attorney, Charles R. Brewer, were present and the government was present and represented through Assistant United States Attorney Tom Kent. The undersigned, out of an abundance of caution and to prevent the disclosure of privileged communications, initially excluded Mr. Kent from the room and conducted an inquiry with defendant and Mr. Brewer, which shall appear in the sealed record. After completing the inquiry, the undersigned went back into open court and invited

Mr. Kent to return to the proceeding and heard further arguments from Mr. Kent. From the evidence offered and the arguments of Mr. Brewer, counsel for the defendant, the defendant himself, and Mr. Kent, on behalf of the government, and the records in this cause, the court makes the following findings:

**Findings.** In an indictment filed on September 20, 2011, the defendant and ten other co-defendants were charged with entering into a conspiracy to distribute a quantity of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 846. Defendant requested that counsel be appointed to represent him and Charles R. Brewer, attorney of Asheville, NC was appointed to represent the defendant.

On October 19, 2011, the undersigned received a letter from defendant requesting that substitute counsel be appointed to represent him in this matter. A hearing was held on November 3, 2011 and defendant withdrew his motion for substitution of counsel. On January 10, 2012, there was filed a Plea Agreement (#172) that had been entered into between defendant, his counsel and the government. On January 17, 2012 the undersigned conducted a Rule 11 proceeding concerning the plea agreement and accepted a plea of guilty (#185) from defendant. The defendant now contends that he has received ineffective assistance of counsel and desires that counsel be substituted for Mr. Brewer.

The undersigned conducted a detailed inquiry with defendant. The defendant advised the court that he had been told by Mr. Shaun Lewis that a co-defendant, Johnny Ray Frady, had challenged the bill of indictment and the Defendant Frady's charges were dismissed. Defendant contends that Mr. Brewer has overlooked the same mistakes in the bill of indictment. The undersigned advised defendant that the charges against Mr. Frady had been dismissed but it was not because of any problem with the bill of indictment but was due to a problem that was totally personal to Mr. Frady. The court made further inquiry of defendant which shall appear in the sealed record. Mr. Brewer requested that the defendant's motion be allowed and he be allowed to withdraw as counsel for defendant due to defendant's allegations that Mr. Brewer had been ineffective in his representation of defendant. Mr. Kent, on behalf of the government, agreed with Mr. Brewer and advised that the government did not have any objection to the substitution of counsel for defendant.

**Discussion.** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). Considering the

motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) inquiry as to the reasons why the defendant does not wish for Mr. Brewer to represent him further; and (3) whether or not there is such a conflict between the defendant and Mr. Brewer that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

First of all in regard to timeliness of the motion, the motion is being heard over four months after the entry and acceptance of the guilty plea of defendant. The undersigned considers that the motion is untimely. This factor must be weighed against granting the motion.

The undersigned inquired as to the reasons for the conflict between defendant and Mr. Brewer. The detailed conversation with defendant will be found in the sealed record. Mr. Brewer requests that because defendant has raised the issue of ineffective assistance of counsel, that defendant's motion be allowed. The government has no objection. The undersigned does not find that Mr. Brewer has rendered ineffective assistance of counsel. From the court's knowledge of this matter, it appears to the undersigned that Mr. Brewer has rendered exemplary service for defendant in this case. It further appears that defendant does not wish to even attempt to understand the nature and extent of the valuable services rendered by Mr. Brewer to him. The

reasons that defendant desires for counsel to be substituted must be weighed against allowing the motion.

The court has further examined this matter to determine whether or not there is such a conflict between Mr. Brewer and defendant there is a total lack of communication between them preventing an adequate defense. If there has been a lack of communication it has not resulted in any prejudice to defendant. Again, however, Mr. Brewer desires that defendant's motion be allowed and the government has no objection.

After considering all factors, it appears the undersigned cannot find any good reason for the appointment of substitute counsel in this matter. It does appear, that Mr. Brewer desires that substitute counsel be appointed because of the questions regarding the effectiveness of Mr. Brewer that have been raised by defendant. The government has no objection. Based thereon, the undersigned will enter an order allowing the motions (#252) (#253) (#254) for substitution of counsel. The undersigned specifically finds that the representation of Mr. Brewer has, in the opinion of this court, been of high quality and he has rendered valuable services to the defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the Motion for Status of Counsel

Review Conference (#252) and the letters (#253), (#254), all considered as motions to substitute new counsel for defendant are **ALLOWED** and it is **ORDERED** that the Federal Defender's Office appoint substitute counsel for defendant. It is further **ORDERED** that substitute counsel shall, on or before **July 2, 2012**, file any motions that defendant desires to be filed requesting that defendant be allowed to withdraw his plea of guilty in this matter. The government will then be allowed up to and including **July 16, 2012** to respond to the motion and a hearing will be set thereon. If defendant's new counsel does not file a motion to withdraw the plea of guilty of defendant then this matter shall be scheduled for sentencing as provided by law.

    Signed: June 6, 2012

Dennis L. Howell
United States Magistrate Judge